

SO ORDERED,

Judge Edward Ellington
United States Bankruptcy Judge
Date Signed: August 31, 2016

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    CHAPTER 7
NORMAN T. WATSON                              CASE NO. 1302892EE


NORMAN T. WATSON

VS.                                              ADVERSARY NO. 1300101EE

MISSISSIPPI DEPARTMENT OF REVENUE


Hon. James G. McGee, Jr.                          Attorney for the Debtor
jmcgee@mcgeetaxlaw.com
125 South Congress Street, Suite 1240
Jackson, MS 39201

Hon. Kenitta Franklin Toole                    Attorneys for Mississippi
Hon. John S. Stringer                          Department of Revenue
john.stringer@dor.ms.gov
Post Office Box 22828
Jackson, MS 39225


Edward Ellington, Judge

## <u>MEMORANDUM OPINION</u>

**THIS MATTER** came before the Court on the *Defendant/Creditor Mississippi Department of Revenue's Second Amended Motion to Dismiss Adversary Complaint, or, in the Alternative, Motion for Summary Judgment* (Adv. Dkt. #42) and the *Response in Opposition to Defendants' Second Amended Motion to Dismiss Adversary Complaint, or, in the Alternative, Motion for Summary Judgment* (Adv. Dkt. #44) filed by Norman T. Watson. Having considered same and the respective briefs filed by the parties, the Court finds that the request for summary judgment contained in the *Defendant/Creditor Mississippi Department of Revenue's Second Amended Motion to Dismiss Adversary Complaint, or, in the Alternative, Motion for Summary Judgment* (Adv. Dkt. #42) should be granted.

## FINDINGS OF FACT[1]

On September 24, 2013, Norman T. Watson (Debtor) filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. The Debtor initiated the above-styled adversary proceeding with the filing of the *Complaint of Norman T. Watson Initiating Adversary Proceeding* (Adv. Dkt. #1) (Complaint) on November 14, 2013.

The following facts are alleged in the Complaint:

1. The Debtor and an unnamed individual were partners in a company called L Signs. The Debtor alleges that the other partner was the managing partner of L Signs

---

[1]These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

and that he managed sales for L Signs.

2. Prior to the Debtor's bankruptcy filing, the Mississippi Department of Revenue (MDOR) assessed L Signs for sales taxes and withholding taxes for the tax periods of April 30, 2008, through September 30, 2009. The total assessment was $240,588.02.

3. MDOR "issued a transfer assessment, pursuant to *Miss. Code § 27-65-55,* against Watson for the Sales Taxes and Withholding Taxes owed by L Signs in the amount of $240,588.02."[2] The Debtor asserts that the assessment was not properly delivered to him: "despite a diligent search of his records Watson cannot find and does not remember ever receiving the Notice of Assessment from MDOR by certified mail or otherwise."[3]

4. The Debtor alleges that "by the time he was made aware of the assessments, the deadline for appealing the erroneous assessments had already run."[4]

5. The Debtor states that "the assessments are the results of audit methods which are both unsubstantiated and inappropriate."[5]

In his Complaint, the Debtor alleges three separate counts as grounds for relief against the MDOR:

Count One: The Debtor asserts that the assessments are void because they were

---

[2] *Complaint of Norman T. Watson Initiating Adversary Proceeding,* Adv. No. 1300101EE, Adv. Dkt. #1, p. 3, Nov. 14, 2013.

[3] *Id.*

[4] *Id.*

[5] *Id.*

assessed without adequate notice and that the assessments were based upon impermissible accounting methods.

Count Two: The Debtor asserts that the tax debts are dischargeable.

Count Three: The Debtor asserts that his Complaint "is the initial pleading by which an adversarial *[sic]* proceeding is initiated with regard to the subject dispute between Watson and MDOR."

The Court notes that the only document attached to the Complaint is a copy of the *Responsible Person Statement* which was mailed to the Debtor on October 21, 2013, by MDOR.

On November 30, 2015, MDOR filed its *Defendant/Creditor Mississippi Department of Revenue's Second Amended Motion to Dismiss Adversary Complaint, or, in the Alternative, Motion for Summary Judgment*[6] (Adv. Dkt. #42) (Motion).  In its Motion and corresponding *Defendant Mississippi Department of Revenue's Memorandum in Support of Second Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment* (Adv. Dkt. #43) (Brief), MDOR asserts that the Debtor admits in his Complaint that he was a partner in L Signs and that he took over the management of L Signs in 2009 when his partner left L Signs, therefore, the Debtor is a responsible person pursuant to Mississippi law.

In support of its Motion, MDOR attached to its Brief copies of three *Notice[s] of Tax Lien* and three *Notice[s] of Tax Lien Re-Enrollment* which were issued to L Signs and to the Debtor.  In addition, MDOR attached copies of the withholding tax returns the Debtor filed for the first, second and third quarters of 2009.  Further, MDOR attached a *Certificate* signed by J. Ed Morgan, Commissioner of Revenue for the Mississippi Department of Revenue which states that "three (3)

---

[6]The Motion before the Court is the third motion to dismiss MDOR has filed in this case.  On February 20, 2014, MDOR filed its first *Motion to Dismiss* (Adv. Dkt. #18).  On February 27, 2014, *Defendant Mississippi Department of Revenue's Amended Motion to Dismiss* (Adv. Dkt. #23) was filed.

separate Responsible Person Assessments for Withholding Tax for the tax quarters ending in March 2009, June 2009 and September 2009 were issued and mailed on May 30, 2012 to Norman Watson at 301 Fawnwood Drive, Brandon, Mississippi 39042."[7]   The facts show that the Debtor was a responsible person and that the Debtor was properly notified of the taxes, consequently, MDOR asserts that the Complaint should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6)[8] or in the alternative, that judgment should be entered in favor of MDOR as a matter of law.

## CONCLUSIONS OF LAW

### I.  Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.  Motion to Dismiss/Summary Judgment

#### A.  Procedural Point

On an initial procedural point, the Court notes that in the Complaint, the Debtor does not cite Miss. Code § 27-7-307 (2010) or raise the issue that he was not a responsible person for purposes of Miss. Code § 27-7-307 (2010).  It is not until the Debtor filed his *Response in Opposition to Defendant's Second Amended Motion to Dismiss Adversary Complaint, or, in the Alternative,*

---

[7]*Defendant/Creditor Mississippi Department of Revenue's Memorandum in Support of Second Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment,* Adv. No. 1300101EE, Adv. Dkt. #43-3, Nov. 30, 2015.

[8]Federal Rule of Civil Procedure 12 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012.  For purposes of this Opinion, the Court will refer to Rule 7012 as Rule 12.

*Motion for Summary Judgment* (Adv. Dkt. #44) that the Debtor raises the argument that he was not a responsible person as defined in Miss. Code § 27-7-307 (2010).

Even though the Debtor does not plead Miss. Code § 27-7-207 (2010), MDOR, however, in its Motion and Brief, address the issue of whether the Debtor was a responsible person. Since MDOR has not raised the failure of the Debtor to plead Miss. Code § 27-7-307 (2010), the Court will proceed as if the Debtor had properly pled Miss. Code § 27-7-307 (2010).

### B. Motion to Dismiss/Summary Judgment

On March 23, 2016, the Honorable Katharine M. Samson, United States Bankruptcy Judge for the Southern District of Mississippi, entered an *Order Granting Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Kelly Opinion) in an adversary proceeding in the Carrie Lee Kelly[9] bankruptcy case (Kelly Adversary Proceeding). The Kelly Adversary Proceeding was filed by attorney James G. McGee, Jr., who is also representing the Debtor in the case at bar.

In the Kelly Adversary Proceeding, the facts are very similar to the facts before this Court. A business in which Ms. Kelly held an ownership interest was assessed sales taxes and withholding taxes.[10] Like the Debtor in the case at bar, Ms. Kelly alleged that she was not liable for the taxes.

The complaint in the Kelly Adversary Proceeding recites three counts for relief which, except for the name of the debtor, are identical to the three counts in the case at bar:

> Count One: Ms. Kelly asserts that the assessments are void because they were assessed without adequate notice and that the assessments were based upon impermissible accounting methods.

---

[9]*Carrie Lee Kelly v. Miss. Dept. of Rev.* (*In re Carrie Lee Kelly*), Adv. No. 1406009KMS, Adv. Dkt. #24, March 23, 2016.

[10]The Court notes that in the Kelly adversary, the debtor does not plead Miss. Code § 27-7-307 (2010).

Count Two:  Ms. Kelly asserts that the tax debts are dischargeable.

Count Three:  Ms. Kelly asserts that her complaint "is the initial pleading by which an adversarial *[sic]* proceeding is initiated with regard to the subject dispute between Watson and MDOR."[11]

As in the case at bar, MDOR filed *Defendant/Creditor Mississippi Department of Revenue's Amended Motion to Dismiss Adversary Complaint, or, in the Alternative, Motion for Summary Judgment.*[12]  On March 23, 2016, Judge Samson entered the Kelly Opinion and granted MDOR's motion for summary judgment.

As noted, the requests for relief in the case at bar and in the Kelly Adversary Proceeding are identical.  Rather than re-inventing the wheel and for the sake of not wasting judicial resources, this Court hereby adopts the *Conclusions of Law* contained in Judge Samson's careful and well-reasoned opinion, reprinted as an appendix to this Opinion.  *Gordon v. Niagara Machine & Tools Works,* 574 F.2d 1182, 1184 (5th Cir. 1978).

## CONCLUSION

MDOR attached exhibits to its Motion and Brief which are not part of the Debtor's Complaint.  Therefore, like the court held in the Kelly Opinion, the Court will consider MDOR's Motion as a motion for summary judgment and not as a motion to dismiss.

Based upon the legal conclusions in the Kelly Opinion, the Court finds the following indicia of the Debtor's status as a responsible person:  (1) the Debtor admits that he was a partner in L Signs; (2) the Debtor filed withholding tax returns with MDOR on behalf of L Signs for the time

---

[11]*Carrie Lee Kelly v. Miss. Dept. of Rev. (In re Carrie Lee Kelly)*, Adv. No. 1406009KMS, Adv. Dkt. #1, pp. 4-5, May 28, 2014.

[12]*Id.* at Adv. Dkt. #20.

periods in question; and (3) the Debtor admitted that in 2009, he took over all of the day to day operations of the business after his partner left. The Debtor has not offered any evidence to disprove his responsible person status, therefore, the Court finds that the Debtor qualifies as a responsible person under Mississippi law and is liable for the tax debts.

The Court finds that the address to which MDOR mailed all notices to the Debtor is the same address listed on the Debtor's bankruptcy petition. The Debtor has failed provide any evidence to overcome the presumption that "mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed."[13] Consequently, the Court finds that the Debtor received all of the notices/mail sent by MDOR to which he was entitled, and therefore, the Debtor's due process arguments are not well taken and should be denied.

As to the amount of the assessments, the Debtor asserts that impermissible accounting methods were used to calculate the assessments. As a responsible person, "Mississippi has statutorily deprived [the debtor] of standing to challenge the amount of the assessment in state court."[14] That is exactly what the Debtor is seeking to do: in the adversary proceeding, the Debtor wants to challenge the amount of the taxes assessed to L Signs. Since 11 U.S.C. § 505(a)(1) does not permit a bankruptcy court to determine the tax liability of non-debtor, third parties,[15] the Court cannot redetermine the amount of the taxes assessed against L Signs and then to the Debtor as a responsible person.

---

[13]*Thames v. Smith Ins. Agency, Inc.,* 710 So. 2d 1213, 1216 (Miss. 1998).

[14]*Carrie Lee Kelly v. Miss. Dept. of Rev.* (*In re Carrie Lee Kelly*), Adv. No. 1406009KMS, Adv. Dkt. #24, p. 11, March 23, 2016.

[15]*IRS v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.),* 316 F.3d 542, 547 (5th Cir. 2002).

The Court further finds that the sales taxes and withholding taxes assessed against the Debtor qualify as trust fund taxes. Pursuant to 11 U.S.C. § 523(a)(1)(A), these trust fund taxes are nondischargeable.

Since Count Three of the Complaint does not seek any relief and states the obvious, the Court will not address Count Three.

Consequently, for the reasons expressed in the Kelly Opinion and the reasons expressed above, the Court finds that there are no disputes over any material facts and that MDOR's Motion is well-taken and summary judgment should be granted in favor of MDOR. The request for dismissal of the Complaint contained in the Motion is therefore moot.

To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.

A separate judgment consistent with this Opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.

See Next Page

APPENDIX

SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 23, 2016**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   CARRIE LEE KELLY                                    CASE NO. 14-50305-KMS

              DEBTOR                                                          CHAPTER 7

CARRIE LEE KELLY                                                    DEBTOR/PLAINTIFF

V.                                                                        ADV. NO. 14-06009-KMS

MISSISSIPPI DEPARTMENT OF REVENUE                    CREDITOR/DEFENDANT

**ORDER GRANTING MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Defendant's Motion to Dismiss Adversary Proceeding or to

Abstain (Adv. Dkt. No. 4)[1], Defendant's Amended Motion to Dismiss Adversary Proceeding or

to Abstain, or, in the alternative, Motion for Summary Judgment (Adv. Dkt. No. 20), and

Defendant's Brief in Support of Amended Motion to Dismiss, or, in the alternative, Motion for

Summary Judgment (Adv. Dkt. No. 21), filed by the Mississippi Department of Revenue

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 14-06004-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 14-50224-KMS, are cited as "Dkt. No. ___".

("MDOR"). Plaintiff Carrie Lee Kelly did not respond to the motion. Having considered the pleadings, exhibits attached thereto, and the record, the Court finds that the Motion should be granted and states the following:

## I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## II. Findings of Facts

Kelly filed for Chapter 7 relief on February 26, 2014. Dkt. No. 1. She filed a complaint related to the dischargeability of certain state tax debts on May 28, 2014. Dkt. No. 23; Adv. Dkt. No. 1. Her complaint alleges three counts: (1) that the tax debts were assessed without notice and are based upon impermissible accounting methods, (2) that the tax debts are dischargeable, and (3) that "this complaint is the initial pleading by which an adversarial proceeding is initiated." Adv. Dkt. No. 1 at 4-5. On June 27, 2014, MDOR filed its first motion to dismiss the adversary. Adv. Dkt. No. 4. On November 24, 2014, the Court stayed the proceeding pending the resolution of an interlocutory appeal filed by MDOR in another bankruptcy case in the Bankruptcy Court of the Northern District of Mississippi. Adv. Dkt. No. 15. On October 15, 2015, the Court held a status conference and determined that this case should no longer be stayed. Adv. Dkt. No. 18. The Court gave MDOR thirty days to amend its motion to dismiss and Kelly thirty days to respond to the amended motion. Adv. Dkt. No. 19. MDOR filed its amended motion to dismiss or, in the alternative, motion for summary judgment on November 16, 2015. Adv. Dkt. No. 20. On December 16, 2015, Kelly filed an unopposed motion to extend the time to file a response to the amended motion, which the Court granted by agreed order. Adv. Dkt. Nos. 22, 23. The order

gave Kelly ten additional days to file a response. Adv. Dkt. No. 23. To date, Kelly has not responded to the motion.

Several years prior to the bankruptcy filing, Kelly incorporated and worked for Coastal Drilling & Services, Inc. ("Coastal Drilling"). *See* Adv. Dkt. No. 20-1 (articles of incorporation for Coastal Drilling listing Kelly as an incorporator); Adv. Dkt. No. 20-4 at 8, 9 (Kelly's 2008 W-2s showing Coastal Drilling as her employer). MDOR ultimately seeks to hold Kelly responsible for certain sales tax[2] and withholding tax[3] debts of Coastal Drilling from 2009 to 2011 through a responsible person assessment. During this time, Kelly signed a series of documents as president or owner of Coastal Drilling. *See* Adv. Dkt. No. 20-3 (updated Registration Application for Sales, Withholding and Corporate Franchise Tax on February 12, 2009); Adv. Dkt. No. 20-7 (2009 Corporate Annual Report); Adv. Dkt. No. 20-10 (withholding tax return for April 2010); Adv. Dkt. No. 20-12 (withholding tax return for May 2010); Adv. Dkt. No. 20-13 (withholding tax return for June 2010); Adv. Dkt. No. 20-15 (power of attorney for Coastal Drilling on May 10, 2010). Kelly also signed several other documents on behalf of Coastal Drilling but without giving a specific title. Adv. Dkt. No. 20-5 (audit completion form on October 8, 2009); Adv. Dkt. No. 20-8 (sales tax return for January and February of 2010); Adv. Dkt. No. 20-11 (sales tax return for April 2010); Adv. Dkt. No. 20-14 (sales tax return for June 2010). In addition to her status as an incorporator of Coastal Drilling, the original and amended registration applications for sales, withholding and corporate franchise taxes listed Kelly in the section for officers, directors, managing partners, or members who have any responsibility for

---

[2] The sales tax periods at issue are: July, 2011; October, 2009; November, 2009; December, 2009; January, 2010; February, 2010; March, 2010; July, 2010; August, 2010; September, 2010; October, 2010; November, 2010; December, 2010; January, 2011; February, 2011; March, 2011; April, 2011; May, 2011; June, 2011; and August, 2011. Adv. Dkt. No. 21 at 12.

[3] The withholding tax periods at issue are: December, 2009; February, 2010; and March, 2010; June, 2012; June, 2011; December, 2011; December, 2010; March, 2012; March, 2011; September, 2010; and September, 2011. Adv. Dkt. No. 21 at 12.

fiscal management of the organization or own at least a ten percent interest in the entity. *See* Adv. Dkt. Nos. 20-2 at 1, 20-3 at 1. The original application stated that Kelly owned a 33% interest in Coastal Drilling. Adv. Dkt. no. 20-2 at 1.

Kelly has provided four personal addresses[4] to MDOR through the above documents and her individual tax returns. The articles of incorporation, the first registration application for sales, withholding and corporate franchise tax, and Kelly's 2008 income tax return listed the Woolmarket address. Adv. Dkt. Nos. 20-1, 20-2, 20-4. The updated application listed the Holly address.[5] Adv. Dkt. No. 20-3. Kelly's 2011 income tax return listed the McCune address. Adv. Dkt. No. 20-16. Kelly's 2012 income tax return listed the Tuxachanie address.[6] Adv. Dkt. No. 20-18. In support of its motion, MDOR submitted the sworn affidavit of Lisa Purry, the Division Director of the Office of Tax Enforcement. *See* Adv. Dkt. No. 20-17. Purry stated that MDOR mailed a responsible person assessment of withholding tax[7] to the McCune address on May 30, 2012 and that MDOR mailed a second responsible person assessment of withholding tax[8] to the Tuxachanie address. Adv. Dkt. No. 20-17 at ¶¶ 5, 6. Purry further stated that MDOR mailed two responsible person assessments of sales tax[9] to the McCune address. Adv. Dkt. No. 20-17 at ¶¶ 7,

---

[4] The Court sees no reason to publish Kelly's personal address in this opinion and instead will use the same short forms used by MDOR in its briefing. Kelly has lost the opportunity to challenge any of these addresses as incorrect by not responding to MDOR's motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

[5] MDOR does not discuss the Holly address in its briefing.

[6] Kelly actually listed an address on Toxachanie Drive in this return. MDOR's computer system corrected this to Tuxachanie Drive, presumably because there is no Toxachanie Drive in Biloxi, Mississippi. *See* Adv. Dkt. No. 21 at 5.

[7] This assessment covered the tax periods December 2009, February 2010, and March 2010. Adv. Dkt. No. 20-17 at ¶ 5.

[8] This assessment covered the tax periods June 2012, June 2011, December 2011, December 2010, March 2012, March 2011, September 2010, and September 2011. Adv. Dkt .No. 20-17 at ¶ 6.

[9] The first sales tax assessment covered the tax period July 2011. Adv. Dkt. No. 20-17 at ¶ 7. The second sales tax assessment covered the tax periods October 2009, November 2009, December 2009, January 2010, February 2010,

8.  Purry does not state in her affidavit when the second withholding tax assessment or either of the sales tax assessments were mailed, but MDOR's briefing states that they were mailed on June 1, 2012, April 5, 2013, and October 29, 2013, respectively. Adv. Dkt. No. 21 at 4-5.

### III. Conclusions of Law

#### A. Motion to Dismiss

MDOR's first motion to dismiss is mooted by the filing of its amended motion. *See Perez v. Tex.*, 970 F. Supp. 2d 593, 604-05 (W.D. Tex. 2013). MDOR has attached twenty-two exhibits to its amended motion, none of which are part of Kelly's complaint. A motion made under Rule 12(b)(6)[10] that asks the court to consider matters beyond the pleadings "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also* Fed. R. Bankr. P. 7012(b) (applying Rule 12(b)-(i) to adversary proceedings). Therefore, the Court will consider MDOR's amended motion as a motion for summary judgment and not as a motion to dismiss. "All parties must be given a reasonable opportunity to present all the material that is pertinent to the" converted motion for summary judgment. Fed. R. Civ. P. 12(d). MDOR filed its amended motion on November 16, 2015. Adv. Dkt. No. 20. Kelly filed an unopposed Motion to Extend Time to File Response to Amended Motion to Dismiss on December 16, 2015. Adv. Dkt. No. 22. The Court entered an agreed order granting the motion on the same date. Adv. Dkt. No. 23. More than three months have elapsed since then, and Kelly has not filed a response. The Court finds that it has given Kelly a reasonable opportunity to present anything she found pertinent to the motion.

#### B. Summary Judgment Standard

---

March 2010, July 2010, August 2010, September 2010, October 2010, November 2010, December 2010, January 2011, February 2011, March 2011, April 2011, May 2011, June 2011, and August 2011. Adv. Dkt. No. 20-17 at ¶ 8.

[10] For convenience, references to the Federal Rules of Civil Procedure are shortened to "Rule ____".

A–5

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Rule 56 to adversary proceedings). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials. . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. But "summary judgment cannot be supported solely on the ground that [the non-moving party] failed to respond to [the] motion for summary judgment." *John v. La.*, 757 F.2d 698, 709 (5th Cir. 1985). When a party does not respond to a motion, the court may "accept[] as undisputed the facts so listed in support of [the] motion for summary judgment" and grant the motion if those facts make "a prima facie showing of . . . entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

    C. Count One: Tax Liability

    MDOR argues that its tax assessments are valid because (1) Kelly is a responsible person as to Coastal Drilling, (2) the notices of the assessments were constitutionally sufficient, and (3) Kelly lacks standing to contest the amount of the tax debt. Kelly stated in her complaint that she did not receive proper notice of the assessments as required by the Due Process Clauses of the United States Constitution and the Mississippi Constitution. The complaint also states that "the MDOR Sales Taxes and Withholding Taxes assessments are based upon alternative accounting methods not permitted when adequate records exist, as in this case." Adv. Dkt. No. 1 at 4. The Bankruptcy Code provides that bankruptcy courts "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1) (2010). "Section 505(a)(1) is a 'broad grant of jurisdiction' authorizing the bankruptcy court to determine certain tax issues, subject to explicit statutory exceptions and the bankruptcy court's discretion to abstain." *In re Wyly*, No. 14-35043, 2015 WL 5042756, at *4 (Bankr. N.D. Tex. Aug. 25, 2015) (citing *IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 328-30 (5th Cir. 2001)).

### 1. Responsible Person Status

MDOR may assess the tax debts of a corporate entity against an individual if that person meets the definition of a responsible person. *Donovan v. Burwell*, --- So. 3d ---, --- n.1, 2016 WL 121664, at *1 n.1 (Miss. Ct. App. Jan. 12, 2016) ("Under state and federal law, if an employer fails to collect and pay over [certain] taxes, penalties may be assessed against a 'responsible person,' which, in broad terms, means someone who exercises significant authority over the employer's finances.").  Regarding the sales tax debts, Mississippi law provides that

> Persons owning stock of ten percent (10%) or more of the total of corporations or ten percent (10%) interest in limited liability companies with thirty-five (35) or fewer owners and exercising responsibility for fiscal management, also shall be liable for sales taxes levied by this chapter upon such corporations when such taxes become due and unpaid to the extent that such taxes accrued while such person was exercising responsibility for fiscal management.

Miss. Code Ann. § 27-65-55(2) (2010). Mississippi law provides identical language for withholding taxes. Miss. Code Ann. § 27-7-307(2) (2010).[11] "The Fifth Circuit takes a 'broad view of who is a responsible person under'" comparable federal tax statutes.[12] *Looney v. U.S.*, 544 F. Supp. 2d 574, 579 (S.D. Tex. 2008) (quoting *Logal v. U.S.*, 195 F.3d 229, 232 (5th Cir. 1999)).

> Responsibility . . . is a matter of status, duty, power and authority; whether exercised or not. It is not necessary that an individual have the final, or sole, word as to which creditors should be paid in order to be subject to liability. . . . In fact, "responsibility does not require knowledge that one has that duty and authority." Rather, it is sufficient that the person have some power, authority, and control

---

[11]  Sections 27-65-55 and 27-7-307 were amended effective July 1, 2010, but the amendments did not materially affect the provisions at issue. *See* Taxation and Finance—Corporations For Income Withholding Tax—Assessment Period 2010 Miss. Laws, Ch. 386, §§ 1, 3.

[12] The Internal Revenue Service "imposes a penalty equal to the entire amount of the unpaid taxes on 'any person' required to collect, account for, or pay over the withheld taxes, who 'willfully' fails to do so. Liability for the penalty is established if a person is a 'responsible person' who 'willfully' failed to pay over the withheld taxes." *Barnett v. I.R.S.*, 988 F.2d 1449, 1453 (5th Cir. 1993) (discussing 26 U.S.C. § 6672(a)). A "responsible person" under this statute is any "person required to collect, truthfully account for, [or] pay over any tax." *Id.* at 1453 n.6. Rather than imposing a penalty equal to the tax, Mississippi merely makes the responsible person also liable for that same tax.

over the process by which corporate funds are disbursed to find that he is a
"responsible person". . . .

*In re Ingram*, No. 12-53579, 2014 WL 644501, at *3 (Bankr. W.D. Tex. Feb. 19, 2014) (internal
citations omitted). "The crucial inquiry is whether the person had the 'effective power' to pay the
taxes—that is, whether he had the actual authority or ability, in view of his status within the
corporation, to pay the taxes owed." *Barnett v. I.R.S.*, 988 F.2d 1449, 1454 (5th Cir. 1993).
Though no single factor is dispositive, courts look to indicia of responsible person status:

> (i) is an officer or member of the board of directors; (ii) owns a substantial
> amount of stock in the company; (iii) manages the day-to-day operations of the
> business; (iv) has the authority to hire or fire employees; (v) makes decisions as to
> the disbursement of funds and payment of creditors; and (vi) possesses the
> authority to sign company checks.

*Id.* at 1455. MDOR argues the following indicia of responsible person status: (1) that Kelly is an
incorporator of Coastal Drilling, (2) that Kelly signed a registration application for sales,
withholding and corporate franchise tax for Coastal Drilling, (3) that Kelly was extensively
involved in a sales tax audit of Coastal Drilling conducted by MDOR, and (4) that Kelly owns a
33% interest in Coastal Drilling according to a tax registration application filed with MDOR.
Adv. Dkt. No. 21 at 13-15. These undisputed facts are sufficient to meet both the Mississippi and
federal tests for responsible person status. In addition, in comparable federal tax cases, "once the
Government offers an assessment into evidence, the burden of proof is on the taxpayer to
disprove his responsible-person status. . . ." *Barnett*, 988 F.2d at 1453. Kelly has not offered any
evidence to disprove her responsible person status. For the reasons stated above, the Court finds
that Kelly qualifies as a responsible person and is liable for these tax debts under the Mississippi
tax code.

2. Due Process[13]

"Due process does not require that a property owner receive actual notice before the government may take his property. Rather, . . . due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (internal citations and quotation marks omitted). Notice by regular mail has previously been held constitutionally sufficient. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition . . ."). Further, Mississippi law provides "a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed." *Thames v. Smith Ins. Agency, Inc.*, 710 So. 2d 1213, 1216 (Miss. 1998). To overcome this presumption, "[t]here must be something directed to the specific relevant notice before a fact question arises of whether a properly addressed letter was not delivered." *Holt v. Miss. Emp't Sec. Comm'n*, 724 So. 2d 466, 471 (Miss. 1998). "[A] denial by itself [is] inadequate." *Id.*

Responsible person assessments are to be made using the same procedures as those for regular sales tax assessments. Miss. Code Ann. § 27-65-55(2). Mississippi law[14] requires that notice of the assessment be sent by regular mail. *See* Miss. Code Ann. §§ 27-65-35, 27-65-37(2)

---

[13] The relevant due process clause of the U.S. Constitution reads "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend XIV, § 1. The due process clause of the Mississippi Constitution reads "[n]o person shall be deprived of life, liberty, or property except by due process of law." Miss. Const. art. III, § 14. The Court finds that these constitutional provisions are coextensive for purposes of this analysis.

[14] Prior versions of these statutes had required that MDOR send notice of the assessment by certified mail, including during some of the tax periods at issue. *See* Taxes—Notices and Assessments—Certified Mail, 1992 Miss. Laws, Ch. 407, § 1; Taxation and Finance—Department of Revenue—Require Certain Taxpayers to Submit Returns, Schedules and Other Information Electronically, 2010 Miss. Laws Ch. 323 § 3. When MDOR mailed the notices, however, all that was required under the law was notice by regular mail.

(2015). There is no specific procedure for delivering notice of a responsible person assessment of withholding tax, but Mississippi's tax code provides that the statutes relating to withholding tax "are supplemental to the provisions" relating to income tax "and shall not be construed to repeal any part thereof not in direct conflict with this article." *See* Miss. Code Ann. § 27-7-349 (1969). MDOR argues that the Court should read this to mean that the delivery provisions related to income tax also apply to withholding tax, and the Court so does. MDOR is required to send an assessment of an individual's income tax liability "by mail or by personal delivery of the assessment to the taxpayer." [15] Miss. Code Ann. §§ 27-7-53(1)(a), 27-7-53(2) (2015).

Based on the evidence submitted by MDOR, the Court finds that Kelly received all the notices of the assessments made against her by MDOR to which she was entitled under due process.

### 2. Amount

In her complaint, Kelly alleges that the amounts of the assessments were based on impermissible accounting methods. MDOR argues in its motion that Kelly cannot challenge the amounts of the tax debts. Mississippi law provides that "[a] person being assessed under [a responsible person assessment] may appeal his liability . . . solely regarding the issue of the ownership interest and management requirements of this subsection" and that responsible person liability is derivative of the corporation's liability Miss. Code Ann. §§ 27-65-55(2), 27-7-307(2). Consequently, Mississippi has statutorily deprived Kelly of standing to challenge the amount of the assessment in state court. While the Section 505(a)(1) grant of jurisdiction to redetermine tax

---

[15] Prior versions of Section 27-7-53 did indeed require the tax assessment be sent by certified mail, but in 1992, the Mississippi legislature amended the statute to allow for delivery by regular mail. Income Taxes—Notices and Assessments—Certified Mail, 1992 Miss. Laws, Ch. 407, § 2 ("AN ACT TO AMEND SECTIONS 27–65–35, 27–7–53 AND 27–13–23, MISSISSIPPI CODE OF 1972, TO DELETE THE REQUIREMENT OF SENDING CERTAIN TAX NOTICES OR TAX ASSESSMENTS VIA CERTIFIED MAIL; AND FOR RELATED PURPOSES.").

liability is broad, the Fifth Circuit has held that "this provision . . . grants jurisdiction to determine the tax liabilities of the debtor and the estate, not those of third parties." *IRS v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002); *see also Newland v. IRS (In re Malone Props.)*, 150 B.R. 160, 163 (Bankr. S.D. Miss. 1993) (holding that "disputes between the IRS and non-debtors regarding § 6672 taxes should not be heard by the bankruptcy court exercising jurisdiction over the bankruptcy proceeding of a separate taxable entity"). Because Kelly's liability for these taxes is derivative of Coastal Drilling's liability for the taxes and Coastal Drilling is not a debtor in this case, the Court will not redetermine the amount of Kelly's liability.

  D. Count Two: Nondischargeability

  MDOR argues that its debts are nondischargeable under Section 523(a)(1)(A). Tax debts "of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed" are excepted from discharge. 11 U.S.C. § 523(a)(1)(A) (2010). Pursuant to this section, debts for taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity" are excepted from discharge. *See* 11 U.S.C. § 507(a)(8)(C) (2010). "This category of taxes is commonly known as 'trust fund' taxes." *Blalock v. Miss. Dep't of Revenue (In re Blalock)*, 537 B.R. 284, 305 (Bankr. S.D. Miss. 2015) (citing *Szostek v. Tex. State Comptroller of Pub. Accounts (In re Szostek)*, 429 B.R. 552, 563 (W.D.Tex.2010)). To determine whether a tax is a trust fund tax, the Court looks to the statutes authorizing its collection. *See, e.g., id.* at 305-06.

  Another Bankruptcy Court in this jurisdiction has already held that sales tax assessments are nondischargeable as trust fund taxes, and the Court holds the same here. *See id.* at 306. Turning to the withholding taxes, "every employer making payments of wages to employees

shall deduct and withhold from such wages an amount determined from withholding tables promulgated by the commissioner and furnished to the employer." Miss. Code Ann. § 27-7-305(1). Coastal Drilling is an employer within the meaning of this statute.[16] "Every employer who fails to withhold or pay to the commissioner any sums required by [Article 3 Withholding of Tax] . . ., shall be personally and individually liable. . . ." Miss. Code Ann. § 27-7-309(4) (2012). Furthermore, "any sum or sums withheld in accordance with the provisions of this article shall be deemed to be held in trust for the State of Mississippi. . . ." *Id.* It is clear from these statutes that the withholding tax debts qualify as trust fund taxes and are therefore nondischargeable under Section 523.

E. Count Three: Initial Pleading

Other Bankruptcy Courts in this state have already ruled on this same count in different cases against MDOR. *See, e.g., Sarfani, Inc. v. Miss. Dep't of Revenue (In re Sarfani, Inc.)*, 527 B.R. 241, 246 (Bankr. N.D. Miss. 2015) ("It is true that the filing of a complaint in bankruptcy court commences an adversary proceeding in the same way that the filing of a complaint in district court commences a civil action. Count III is simply of no consequence, because Sarfani is not seeking any relief therein.") (internal citation omitted); *L Harris Constr. Co. v. Miss. Dep't of Revenue (In re L Harris Constr. Co.)*, 528 B.R. 664, 672 (Bankr. S.D. Miss. 2015) ("As for Count Three, the Debtor does not seek any relief, and therefore, Count Three is of no significance. Count Three simply states the obvious: the Complaint is the initial pleading by which an adversary proceeding is commenced."). The Court sees no reason to depart from their reasoning. Further, the Court cannot see how granting or denying summary judgment would alter the relationship between the parties. The Court, therefore, will grant the motion for summary

---

[16] "'Employer' means a person doing business in, or deriving income from sources within, the state, who has control of the payment of wages to an individual for services performed, or a person who is the officer or agent of the person having control of the payment of wages." Miss. Code Ann. § 27-7-303(d) (2010).

judgment on this count for reasons of judicial economy: granting the motion removes the count from this Court's consideration, whereas denying the motion would mean that this count would be carried forward to trial.

F. Conclusion

The Court grants summary judgment in MDOR's favor on all three counts of Kelly's complaint. First, the Court finds that the tax assessments are valid against Kelly as a responsible person; that the notices of assessments satisfy due process; and that Kelly cannot challenge the amounts of the tax debts. Second, the Court finds that Kelly's tax debts are nondischargeable as trust fund taxes. Third, the Court finds that Kelly seeks no relief by asking that the Court declare her complaint the initial pleading in an adversary proceeding.

**IT IS HEREBY ORDERED THAT** Defendant Mississippi Department of Revenue's Motion to Dismiss Adversary Proceeding or to Abstain (Adv. Dkt. No. 4) is DENIED AS MOOT.

**FURTHER ORDERED THAT** Defendant Mississippi Department of Revenue's Amended Motion to Dismiss Adversary Proceeding or to Abstain, or, in the alternative, Motion for Summary Judgment (Adv. Dkt. No. 20) is GRANTED.

**FURTHER ORDERED THAT** within fourteen days, Defendant Mississippi Department of Revenue will submit a proposed final judgment dismissing this adversary (14-06009-KMS) and stating the total amount of its claim against Plaintiff Carrie Lee Kelly.

*##END OF ORDER##*

##END OF OPINION##

A—[14]